**Bradford G. BURBINE, Petitioner–Appellant,**

v.

**A.K. SCRIBNER, Respondent–Appellee.**

No. 09–17329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2011.

Filed Aug. 2, 2011.

Fay Arfa, Esquire, Fay Arfa, A Law Corporation, Los Angeles, CA, for Petitioner–Appellant.

Juliet Haley, Deputy Attorney General, AGCA–Office of the California Attorney

---

General, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL, District Judge.*

### MEMORANDUM **

Bradford G. Burbine appealed the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. Burbine's counsel has notified this court that Burbine died on May 12, 2011. We must dismiss an appeal as moot if we lack power to grant relief. *See Picrin–Peron v. Rison,* 930 F.2d 773, 775 (9th Cir.1991). Burbine's counsel, citing *United States v. Oberlin,* 718 F.2d 894 (9th Cir.1983), argues that her client's death requires abating not only this appeal but also the underlying state-court criminal proceedings, including the conviction. The *Oberlin* court observed that "[d]eath pending *appeal of a criminal conviction* abates not only the appeal but all proceedings in the prosecution from its inception." *Id.* at 895 (citing *Durham v. United States,* 401 U.S. 481, 483, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971) (per curiam)) (emphasis added). But abatement does not apply once a convicted defendant has exhausted the appeals available as a matter of right in the underlying criminal case. *See Dove v. United States,* 423 U.S. 325, 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (per curiam) (dismissing, without abatement, a *certiora-*

*ri* petition from an appellate decision in the criminal proceedings after the defendant's death and explicitly overruling *Durham* to the extent the cases conflict); *Krantz v. United States,* 224 F.3d 125, 126–27 (2d Cir.2000) (per curiam) (refusing to abate the criminal proceedings when the petitioner died after the filing of a notice of appeal from the denial of his § 2255 motion, but before a certificate of appealability was granted). Burbine's death during this appeal from the denial of his § 2254 motion requires dismissing the appeal as moot, but does not require abating the prosecution "from its inception."

**DISMISSED AS MOOT.**

---

\* The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for Southern Texas, Houston, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.